UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RYAN PITYLAK, *et al.*, )<br>)<br>Defendants. )<br>)<br>_____ ) | CASE NO. C05-0066RSM<br><br>ORDER GRANTING MOTIONS TO TRANSFER VENUE AND DENYING MOTION FOR VENUE DISCOVERY |

This matter comes before the Court on defendants' separate motions for change of venue (Dkts. #9, #12 and #36), and plaintiff's motion to stay defendants' motions for change of venue and to allow venue-related discovery. (Dkt. #21). Defendants essentially argue that this case should be transferred to the United States District Court for the Western District of Texas, as a related case to *State of Texas v. Ryan Samuel Pitylak, et al.*, Civil Action No. A-05-CA-017-LY. Defendants note that the same defendants are involved in both cases, and the cases are based on the same questions of law and fact. Plaintiff first asks this Court to stay the motion for transfer for 60 days so that it can conduct venue-related discovery, particularly focused on some of the factual assertions contained in defendants' declarations. (Dkt. #21). Plaintiff also presents arguments in opposition to the transfer, asserting that this Court is the proper venue.

Having reviewed defendants' motions for transfer (Dkts. #9, #12 and #36), plaintiff's

ORDER RE: VENUE
PAGE – 1

opposition to that motion (Dkt. #26), defendants' replies in support (Dkts. #28 and #29), plaintiff's motion for stay and venue discovery (Dkt. #21), defendants' oppositions to that motion (Dkts. #31, #33 and #35), plaintiff's reply in support (Dkt. #37), the declarations in support of all of those briefs, and the balance of the record, the Court does hereby find and ORDER:

(1) Plaintiff's Motion to Stay Defendants' Motions to Transfer Venue and for venue Discovery (Dkt. #21) is DENIED.  The Court agrees with defendants that plaintiff's proposed discovery is not necessary to help the Court decide defendants' motion to transfer venue. Moreover, a review of the proposed discovery reveals that much of the information plaintiff seeks goes well beyond venue-related issues.  Accordingly, the Court declines to stay defendants' motions and declines to allow plaintiff to conduct discovery.

(2) Defendants' Motions for Change of Venue (Dkts. #9, #12 and #36) is GRANTED. Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to another district where it might have been brought.  All of the defendants, except for one, reside in or are domiciled within the Western District of Texas.  The non-resident defendant has joined in the motion to transfer, and agrees that Texas is the appropriate venue.  The corporate defendants have their principal places of business in Texas, their books and records are located in Texas, and the computer equipment used for those businesses is in Texas.  All of the e-mails at issue in this case were sent from Texas, and the records concerning those e-mails are in Texas.  Moreover, plaintiff is significantly involved in the aforementioned Texas case, which has named the same defendants, is based on the same facts as the instant case, and involves much of the same evidence as the instant case, so it does not appear that the change of venue would be an inconvenience to plaintiff.  Furthermore, because the cases involve the application of a new federal statute, defendants could be subject to conflicting court orders if the cases were tried in separate courts. Finally, the Court notes that the United States District Court for the Western District of Texas is quite capable of applying Washington law to the state claims raised in the instant case.

ORDER RE: VENUE
PAGE – 2

1  Accordingly, the Court finds transfer to that Court appropriate.

2  (3) This case is hereby TRANSFERRED to the Western District of Texas, pursuant to 28
3  U.S.C. § 1404(a).

4  (4) The Clerk is directed to close this case and transfer all original documents to the
5  Western District of Texas.  The Clerk shall also send a copy of this Order to all counsel of
6  record.

7  DATED this 12th day of April 2005.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER RE: VENUE
PAGE – 3